UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 25-CR-40013-MRG |
| | ) | |
| VANDERSON ROCHA OLIVEIRA, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

GOVERNMENT'S SENTENCING MEMORANDUM

The government respectfully requests that the Court sentence the Defendant to 39 months of imprisonment followed by 24 months of supervised release. Based on the factors set forth in 18 U.S.C. § 3553(a), this is an appropriate sentence in this case.

FACTUAL OVERVIEW

The Defendant is a native and citizen of Brazil and does not have lawful status to be in the United States. He was residing in Milford, Massachusetts during the relevant time period. A person who engages in the business of selling firearms must have a federal firearms license. The Defendant and his known co-conspirators do not have such a license and have never had such a license.

The Defendant, from at least March 2024 and through September 11, 2024, was engaged in the business of dealing in firearms without a license. In addition, beginning at least in March 2024 and continuing through April 2024, the Defendant engaged in a conspiracy to engage in the business of selling firearms without the required license. The Defendant participated in this conspiracy by obtaining firearms from an individual in Florida, Marcos Silva (*see* Docket No. 25-CR-40010) to provide them for sale in Massachusetts, advertising firearms for sale, and coordinating and participating in the sale of firearms to cooperating witnesses.

In March 2024, the Defendant was in communication with a cooperating witness and agreed to sell a 9mm pistol and ammunition to him and another cooperating witness for $1,000. The Defendant directed his brother-in-law, Rafaell Martins Ferreira, to meet with the cooperating witnesses in a car outside his residence in Milford, Massachusetts on March 11, 2024 to conduct the sale. That sale occurred. During that sale, the Defendant was seen by a cooperating witness inside the residence from the car and they waved at each other through the window.

Next, the Defendant offered an additional AR-style rifle, a shotgun, and a 9mm pistol for sale to the cooperating witness, indicating that they were being shipped to him and provided a tracking number. He agreed to sell these firearms for $5,500. Law enforcement intercepted this package and, after obtaining a warrant, learned that the package did in fact contain the three firearms, magazines (including a large capacity magazine capable of holding 30 rounds) and ammunition. The package had been shipped by Silva in Florida. A picture of these items is inserted below:



Silva was also the source of an AK-style rifle, ammunition, and four large capacity magazines that the Defendant sold to a cooperating witness on April 17, 2024 for $3,000, as well

2

as three pistols and ammunition he sold to a cooperating witness for $5,900 on April 27, 2024.

Below is a picture of these firearms:





In addition to the above sales, the Defendant met with a cooperating witness and sold two

Glock 9mm pistols and ammunition for $3,800 on September 3, 2024.  And, finally, on September

11, 2024, the Defendant coordinated the sale of two rifles, one shotgun, and two pistols for what

he thought would be $10,000 before law enforcement arrested him and the three individuals who

are believed to have delivered these firearms.  At least one of these magazines was a large capacity magazine as well.  Below is a picture of these firearms:



After indictment, the Defendant promptly sought to resolve the case and admit guilt.

GUIDELINES CALCULATION

As set forth in the PSR and as agreed to by the parties in the Plea Agreement, the total offense level is 23, which results, based on the Defendant's Criminal History Category of II (3 points), in a Guidelines Sentencing Range ("GSR") of 51-63 months.  PSR at ¶¶ 33, 74, and ECF No. 50, par. 3.  Because the Defendant was a prohibited person at the time and the offense involved a semiautomatic firearm that was capable of accepting large capacity magazines, the base offense level is 20.  USSG § 2K2.1(a)(4)(B).  Because the number of firearms involved was between 8 and 24, the offense level is increased by 4.  USSG § 2K2.1(b)(1)(B).  One of the pistols the Defendant sold was reported as having been stolen, so the offense level is further increased by 2.  USSG § 2K2.1(b)(4).  The prompt acceptance of responsibility results in a 3-level reduction.  USSG § 3E1.1.

SIMILAR CASES

This case arose out of an investigation into a number of individuals possessing/selling firearms in Eastern Massachusetts.  To date, 18 individuals have been charged.  While several have agreed to plead guilty; four have been sentenced to date.

- **Kessi Fermino Sales**—pled guilty to being an alien in possession of a firearm and was sentenced to time served (approximately 3.5 months), followed by 36 months of supervised release.  *See* Docket No. 25-CR-10192-AK, ECF No. 24.

- **Gideoni De Oliveira Moutinho**—pled guilty to engaging in the business of dealing in firearms without a license and conspiracy to do the same.  De Oliveira Moutinho was sentenced to 12 months and 1 day, followed by 24 months of supervised release for selling 7 firearms across 6 dates between January and August 2024.  *See* Docket No. 25-CR-10135-LTS, ECF No. 50.

- **Lucas Moreira DePaiva**—pled guilty to engaging in the business of dealing in firearms without a license and conspiracy to do the same.  Moreira DePaiva was sentenced to 18 months of incarceration and 24 months of supervised release for selling 15 firearms across 10 dates between February and September 2024.  *See* Docket No. 25-CR-10134-LTS, ECF No. 48.

- **Floriano DeSouza**—pled guilty to conspiracy to engage in the business of dealing in firearms.  DeSouza was sentenced to a term of imprisonment of 12 months and 1 day, followed by 24 months of supervised release.  DeSouza's involvement included attempting to collect money on behalf of the conspiracy for firearms that were seized by law enforcement.  *See* Docket No. 24-CR-10372-BEM, ECF No. 48.

BASIS FOR RECOMMENDATION

Thirty nine months of incarceration is an appropriate result when considering the factors set forth in 18 U.S.C. § 3353(a).  The crimes here pose a risk to the safety of the public.  The Defendant, across seven months was able to sell 11 dangerous weapons without having the required license to cooperating witnesses.  In addition, he was willing to sell at least 3 more that were intercepted by authorities in transit.  Selling firearms without a license is not technical/administrative violation—it is appropriately a felony because of the nature of the items sold.  Firearms are regulated because they can be—and unfortunately are—used to kill or seriously hurt people.  The presence of a firearm can make quarrels, robberies, domestic disputes, and other conflicts deadlier.  And, the circulation or availability of illegal firearms among high-risk networks presents a threat to the security and well-being of urban neighborhoods.[1]

In this case, the Defendant had access to and facilitated a black market of firearms: firearms that were sold without any paperwork, without any background checks, without any accountability.  He was able to secure a number of firearms from a source of supply in Florida and elsewhere to sell in Massachusetts.  In addition to the firearms themselves, the firearms were accompanied by at least 6 large capacity magazines.  While it is true that the firearms specifically outlined here were obtained by a witness working with law enforcement and therefore no longer pose a risk to the public, the concern is that the Defendant participated in and encouraged this larger black market where law enforcement often does not recover the firearms

---

[1] David M. Hureau & Anthony A. Braga, *The Trade in Tools: The Market for Illicit Guns in High-Risk Networks*, CRIMINOLOGY, volume 56 issue 3, (July 18, 2018), available at: https://onlinelibrary.wiley.com/doi/full/10.1111/1745-9125.12187.

until it is too late.  It is also concerning that the Defendant engaged in this conduct after having served time for state assault and battery charges.

While the GSR calls for a higher sentence, 39 months is a sufficient, but not greater than necessary, sentence in this case.  The government recognizes that the Defendant promptly accepted responsibility for his offenses and agreed to plead guilty to an information which enabled the government to direct its resources to other investigations and cases.  In addition, the government expects that following this sentence, the Defendant will be removed to his native Brazil.  Therefore, the requested imprisonment sentence adequately punishes the Defendant and provides appropriate general and specific deterrence.

In addition, the government requests a 24-month term of supervised release, with Probation's suggested special conditions requiring that the Defendant leave the United States if ordered removed and not return without obtaining the prior permission of the Secretary of the Department of Homeland Security and not use any false identifying information.  While USSG § 5D1.1(c) provides that the "court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment," the notes to that section state that the "court should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case."  A term of supervised release is appropriate here because the Defendant already has demonstrated that the existing immigration and even criminal laws are insufficient to deter him from violating them.  The term and special condition proposed here would provide an additional disincentive for the Defendant to engage in future violations.

CONCLUSION

For the foregoing reasons and based on the factors set forth in 18 U.S.C. § 3553(a), the government requests that the Court impose a sentence of 39 months' imprisonment, no fine (because it appears that the Defendant is unable to pay such a fine), and 24 months of supervised release with above-mentioned special conditions.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:    */s/ John J. Reynolds III*
John J. Reynolds III, BBO# 672295
Assistant United States Attorney
United States Attorney's Office
One Courthouse Way, Suite 9200
Boston, MA 02210
617-748-3354
john.reynolds2@usdoj.gov

Dated:  October 2, 2025

Certificate of Service

I hereby certify that this document will be sent by email to the to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ John J. Reynolds III*
John J. Reynolds III
Assistant United States Attorney

8